UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
                                       )
UNITED STATES OF AMERICA,              )
     Plaintiff                         )
                                       )   CRIMINAL ACTION
     v.                                )   NO. 95-10049-REK
                                       )
                                       )
JESUS GUTIERREZ,                       )
     Defendant                         )
                                       )
_____)
```

**Memorandum and Order**
December 13, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Jesus Gutierrez's [Motion for] Downward Sentencing Departure for Consent to Deportation Pursuant Section 5K.2.0 of the U.S.S.G. or in Is There any Procedural Route by the Court May Reach the Merits of Petitioner's Downward Departure Post-Conviction Rehabilitation U.S.C. 3582(c)(2)  (Docket No. 191, filed September 20, 1999); and

(2) Jesus Gutierrez's Motion for a Judgment on the Pending Defendant's Motion/Petition for a Reduction of Sentence; and/or for a Voluntary Dismissal (Docket No. 198, filed January 28, 2005).

### II. Factual and Procedural Background

On November 29, 1995, a Superseding Indictment was returned in this action.

Defendant Juan Carlos Cadavid was charged with conspiracy to possess cocaine with intent to distribute (count 3) and possession of cocaine with intent to distribute and aiding and abetting (counts 4 through 7). Defendant Albeiro Castrilon was charged with conspiracy to possess cocaine with intent to distribute (count 1) and possession of cocaine with intent to distribute (count 2). Defendant Jesus Gutierrez was charged with the same counts as Cadavid. On March 11, 1997, Castrilon and Gutierrez entered plea agreements for the counts that remained against them. Defendant Cadavid entered a plea agreement on May 27, 1997. On May 30, 1997, this court sentenced Castrilon to a term of 60 months imprisonment. On July 8, 1997, this court sentenced Gutierrez to a term of 151 months imprisonment and ordered that the sentence be served concurrently with a prior sentence Gutierrez was then serving. On November 26, 1997, this court sentenced Cadavid to a term of 228 months imprisonment and ordered that part of the sentence be served concurrently with a prior sentence Cadavid was then serving. This case was closed as to all defendants on December 3, 2005.

Cadavid appealed this case to the Court of Appeals for the First Circuit. The First Circuit affirmed the judgment of this court on October 5, 1999. Gutierrez then filed his pro se motion for a reduction of sentence on September 20, 1999. The government filed its response on January 12, 2000. Gutierrez then filed a motion requesting judgment on his pending motion on January 28, 2005.

### III. Analysis

Because Gutierrez's most recent motion is effectively a request for this court to rule on his earlier motion, filed on September 20, 1999, I will consider these two motions

together. Gutierrez moves this court to order that his sentence be reduced in recognition of his consent to deportation and post-conviction rehabilitation. This request is based on Section 5K2.0 of the United States Sentencing Guidelines, which provides for downward departures from the Sentencing Guidelines if "the court finds, pursuant to 18 U.S.C. 3553(b)(1), that there exists [a] mitigating circumstance." 18 U.S.C. § 5K2.0. Although numerous courts have held that the Sentencing Guidelines as a whole are unconstitutional, see, e.g., United States v. Mueffelman, 327 F.Supp.2d 79, 91-96 (D. Mass. 2004), or have limited the Guidelines' scope, see, e.g., United States v. Burdi, 414 F.3d 216, 219 (1st Cir. 2005) (referring to "the now advisory guidelines"), in the wake of the Supreme Court's decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), I do not have to reach this issue, nor do I have to address whether Gutierrez's consent warrants a reduction of his sentence. Gutierrez was released from prison on October 24, 2005, and his request is thus no longer timely. I hereby dismiss both of his motions as moot.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Jesus Gutierrez's [Motion for] Downward Sentencing Departure for Consent to Deportation Pursuant Section 5K.2.0 of the U.S.S.G. or in Is There any Procedural Route by the Court May Reach the Merits of Petitioner's Downward Departure Post-Conviction Rehabilitation U.S.C. 3582(c)(2)  (Docket No. 191) is DISMISSED AS MOOT; and

(2) Jesus Gutierrez's Motion for a Judgment on the Pending Defendant's Motion/Petition for a Reduction of Sentence; and/or for a Voluntary Dismissal (Docket No. 198) is DISMISSED AS MOOT.

        /s/Robert E. Keeton  
        Robert E. Keeton  
        Senior United States District Judge